

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 13, 1966

Honorable Jack Young          Opinion No. C-683
District Attorney
154th Judicial District       Re: Under Vernon's Code of Criminal
Muleshoe, Texas                    Procedure, at what rate should
                                   the county pay the court re-
                                   porter for preparing statement
                                   of facts and transcripts in
                                   in cases involving paupers and
                                   those unable to pay or give
                                   security for costs, and re-
Dear Mr. Young:                    lated questions.

     In a recent opinion request you point out that the
new Code of Criminal Procedure has left in question the rate
that a county should pay court reporters for preparing state-
ment of facts and transcripts in cases involving paupers and
those unable to pay or give security for the same. Your re-
quest for our opinion asks three questions:

     "1. Article 40.09, Paragraph 5, Texas
     Code of Criminal Procedure states in part
     as follows, to-wit: '. . . Upon certifi-
     cate of the court that this service has
     been rendered, payment therefor shall be
     made from the General Funds by the county
     in which the offense is alleged to have
     been committed. . .' At what rate shall
     the county pay the Court Reporter for such
     transcription?

     "2. Is it proper expenditure of County
     funds '. . . by the County in which the of-
     fense is alleged to have been committed
     . . .' to pay for an additional copy, or
     copies of such transcription of the Re-
     porter's notes for the District or County
     Attorney where such copy or copies are to
     be used in briefing a case on appeal, on
     future trials of companion cases growing
     out of the same transaction, for impeach-
     ment or other purposes? If such expenditure
     is authorized at what rate is the county

authorized to reimburse the Court Re-
porter for such copy or copies?

"3. Where counties are authorized to
pay at a rate per hundred words for trans-
cription of the Court Reporter's notes, is
it necessary to count each individual word
or is a reasonable estimation acceptable?
Assuming a twenty five line page of trans-
cription containing question and answer
testimony, argument of counsel, pre-trial
motions, and/or arguments of counsel in a
230-240 word per page estimate a fair esti-
mate?"

In answer to your first and third questions, Article
40.09, paragraph 5 of Vernon's Code of Criminal Procedure,
does not outline what the court reporters shall be paid or
what is a reasonable amount for preparing the statement of
facts and transcripts. In the absence of a statutory pro-
vision setting forth the amount to be paid, it is a logical
conclusion that a reasonable amount should be paid.

Article 40.09, paragraph 5, states that the court
shall certify that this service has been rendered. When
the court so certifies, it can state in its order a reason-
able amount to be paid the court reporter.

You have pointed out that although there is no stat-
utory authority for the amount to be paid court reporters;
Article 2324, Vernon's Civil Statutes, may be used as a
guide line, and particularly paragraph 3 thereof, which
provides that the reporter shall receive as compensation
therefor the sum of not more than thirty cents (30¢) per
one hundred (100) words for the original thereof. As to
the amount to be paid a court reporter for the preparation
of a duplicate copy of a statement of facts, it is also a
matter within the discretion of the court.

In answer to your second question, this office ruled
in Attorney General's Opinion No. V-976 (1949) that the
commissioners court was authorized to pay for transcripts
of the evidence at an examining trial, ordered by the Dis-
trict Attorney, on proper certification from him of the
necessity for the transcript as a reasonable expense nec-
essary in the proper and legal conduct of his office. We
therefore answer your second question in the affirmative.

## S U M M A R Y

In the absence of a statutory provision setting forth the amount to be paid the court reporter for preparing a statement of facts and transcripts, in cases involving paupers, a reasonable amount should be paid. The trial judge can certify in its order what that reasonable amount should be.

It is a proper expenditure of county funds to pay for an additional copy of such statement of facts for the use of the District or County Attorney in those instances where a copy thereof is a reasonable expense necessary in the proper and legal conduct of their offices.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

GILBERT J. PENA
Assistant Attorney General

GJP/dt

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Robert E. Owen
Sam Kelley
John Banks

APPROVED FOR THE ATTORNEY GENERAL
BY   T. B. Wright